UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                                   Case No. 18-20820

    v.                                                                      Hon. George Caram Steeh

BOBBY LEE CALHOUN, JR.,

    Defendant.

_____/

ORDER DENYING DEFENDANT'S
<u>MOTION FOR PRETRIAL RELEASE [ECF No. 61]</u>

Defendant Bobby Lee Calhoun, Jr. has filed a motion for pretrial release. Defendant seeks release on bond pending trial due to the COVID-19 pandemic. Pursuant to Administrative Order 20-AO-024, the court resolves the motion on the papers submitted.

**I**

Defendant was indicted by the grand jury with possession with intent to distribute controlled substances, felon in possession of firearms and possession of firearms in furtherance of drug trafficking. A detention hearing was held before Magistrate Judge Majzoub on December 7, 2018, at which time she determined that Defendant failed to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3) and that he was a

danger to the community. Defendant was ordered detained pending trial, which is currently scheduled for June 15, 2020.

Defendant argues that he should be released from detention because public health experts agree that COVID-19 poses a particular risk to jail inmates. Defendant further argues he is at increased risk of a dire outcome if he contracts COVID-19 because of he suffers from pre-diabetic conditions, occasional high blood pressure, and glaucoma. Finally, defendant maintains that he should be released to facilitate access to counsel.

II

Under the Bail Reform Act, 18 U.S.C. § 3142, this court must find whether conditions exist that could "reasonably assure" the defendant's appearance and the safety of the community. The court is to consider the factors listed in § 3142(g), which are the same factors previously considered by Judge Majzoub. *See United States v. Nero*, 2020 WL 1672656 at *2 (E.D. Mich. Apr. 6, 2020). The court's review of the magistrate judge's prior conclusion that detention is warranted is *de novo*. *United States v. Cureton*, No. 12-20287, 2013 WL 4496276, at *1 (E.D. Mich. Aug. 21, 2013) (citing *United States v. Yamini*, 91 F. Supp. 2d 1125, 1128 (S.D. Ohio 2000)).

In this case, there is a rebuttable presumption in favor of detention under the Bail Reform Act arising from the charged drug offenses and possession of firearms in furtherance of drug trafficking activity.  18 U.S.C. § 3142(e)(3).  While the government retains the burden of persuasion, the presumption imposes a burden of production on Defendant to introduce some evidence to rebut the presumption of his dangerousness and risk of flight.

In reviewing the relevant factors, this court concludes that the charges in this case are serious.  There is a mandatory minimum punishment of ten years' imprisonment for engaging in trafficking of over five kilograms of cocaine.  Moreover, because of his prior drug trafficking offense, Calhoun faces an enhanced penalty of 15 years' imprisonment, with another five years consecutive for the violation of 18 U.S.C. § 924(c).  The nature and circumstances of the offense weighs heavily in favor of detention.

Next, the weight of the evidence against Defendant in terms of dangerousness also favors detention.  Defendant is accused of running a drug trafficking operation out of multiple residential locations, including one where his own children lived.  His criminal activity included possession of

firearms, using his residential homes to conduct his drug business, and dealing in kilogram quantities of cocaine.

Defendant's criminal history includes multiple prior felony convictions involving controlled substances and firearms. Defendant served eleven years in custody on his most recent conviction. Moreover, he repeatedly engaged in new criminal behavior while on supervision for other criminal behavior. Defendant engaged his family members in his drug trafficking operation. His wife was convicted in 2005 for the same drug and firearms-related offenses as Defendant. His wife is a co-defendant in this indictment as well. These factors also weigh in favor of continued detention.

The court finds, by clear and convincing evidence, that Defendant poses a danger to the community. He has a well-documented history of failing to comply with the most basic conditions of probation and parole, that he not commit any additional crimes. The court concludes there are no conditions or set of conditions of release that can adequately protect the community and reasonably assure Defendant's appearance.

III

Defendant argues that the COVID-19 pandemic is a factor that justifies his release prior to trial under § 3142(i). The court recognizes that COVID-19 poses a serious threat to all members of our community.

Incarcerated persons are subject to increased risks, as are persons with certain underlying medical conditions.  Defendant's generalized concern about contracting COVID-19 in prison is not an exceptional reason for his release pending trial.[1]  "While the generalized risks of COVID-19 cannot be disputed, courts have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.'"  *Nero*, 2020 WL 1672656 at *2.  This is particularly true when a defendant has offered concerns about COVID-19 that are no different than those shared by all detainees.  *See United States v. Bell*, 2020 WL 1650330, at *6 (E.D. Mich. Apr. 3, 2020); *see also United States v. Sykes*, 2020 WL 1685463, at *3 (E.D. Mich. Apr. 7, 2020)  ("[T]he

---

[1] In determining whether the COVID-19 pandemic creates exceptional or compelling reasons justifying pre-trial or post-conviction release, some district courts have considered the following factors:

> (1) the original grounds for the defendant's pretrial detention;
>
> (2) the nature, seriousness, and specificity of the defendant's stated COVID-19 concerns (e.g., underlying medical conditions, age, etc.);
>
> (3) the conditions in the facility where the defendant is being held (e.g., social distancing measures, screening protocols for new prisoners, the number of prisoners diagnosed with COVID-19, and availability of appropriate medical treatment);
>
> (4) whether conditions of release can be imposed to mitigate COVID-19 risks to the defendant and to the community.

*United States v. Johnson*, 2020 WL 1821099, at *3 (E.D. Mich. Apr. 10, 2020).

possibility that [defendant] may become ill with COVID-19 at some future time. . . . does not create an exceptional circumstance" justifying release under the Bail Reform Act).

Defendant has not alleged that he has contracted COVID-10, or that he has been exposed to any individuals with COVID-19 in the Midland County Jail, where he is currently housed.  Nor do any of Defendant's alleged health conditions provide a basis for relief.  Glaucoma is not a known risk factor.  Defendant's claims that he is pre-diabetic and has occasional high blood pressure are not supported by any evidence aside from his own self-serving assertions.  The court also notes that Defendant mistakenly cites to a news article about positive cases at the Macomb County Jail to support his contention that there are positive cases at the Midland County Jail.  The government asserts that as of April 21, 2020 there have been no positive cases reported at the Midland County Jail.

The Midland County Jail has instituted several measures to attempt to contain the spread of COVID-19, including screening and quarantining new inmates, increased medical staff on-site, requiring staff to wear masks when they cannot socially distance from each other, and increasing sanitation throughout the facility.  See ECF No. 63 at PageID 489.

Releasing Defendant into the community would likely increase his risk of exposure to the coronavirus as well as heighten the risk to others in the community, including Pretrial Services Officers.  *See Nero*, 2020 WL 1672656, at *4; s*ee also United States v. Johnson*, 2020 WL 1821099, at *3 (E.D. Mich. Apr. 10, 2020) (factors to consider when determining whether exceptional circumstances exist include "whether conditions of release can be imposed to mitigate COVID-19 risks to the defendant and to the community").

**IV**

Finally, Defendant argues that his release is appropriate given the lack of access to counsel caused by the COVID-19 breakout.  The government summarizes the current methods of attorney-client communication available at the Midland County Jail as of April 21, 2020.  This includes in-person visits, video chats and phone calls, all of which are not recorded or monitored.  See ECF No. 63 at PageID 497.  Defendant's expressed concerns over access to counsel do not favor his release.

The court will continue to monitor the rapidly evolving situation and act with the health and safety of the public and incarcerated individuals in mind, consistent with the Bail Reform Act.  Now, therefore,

IT IS HEREBY ORDERED that Defendant's motion for pretrial release is DENIED.

Dated: April 24, 2020  　　　　s/George Caram Steeh
　　　　　　　　　　　　　　　　GEORGE CARAM STEEH
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 24, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk