UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                         Case No. 18-20820

v.                               Hon. George Caram Steeh

BOBBY LEE CALHOUN, JR.,

    Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [ECF No. 65]

Defendant, Bobby Lee Calhoun, Jr., filed a motion for release on bond pending trial due to the COVID-19 pandemic [ECF No. 61]. The Court denied the motion on April 24, 2020 [ECF No. 64]. This matter is now before the Court on Defendant's timely filed motion for reconsideration.

I

In his motion for reconsideration, Defendant contends that he sought release pursuant to 18 U.S.C.A. § 3142(i)(4), which provides that a court may temporarily release a detained defendant to the custody of an "appropriate person" where it "determines such release to be necessary for preparation of the person's defense or for another compelling reason."

Defendant argues that the Court did not analyze his motion under that section, but rather referred to the factors required under 18 U.S.C. §§ 3142(a)(1) and 3142(g).

## II

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

The palpable error identified by Defendant is that the Court improperly focused on whether he presented evidence to overcome the presumption of his dangerousness and risk of flight, when these are not relevant factors to an analysis under § 3142(i)(4).

## III

The "compelling reasons" Defendant identifies to support his release pursuant to § 3142(i)(4) are that he faces a substantial risk of serious illness or death while under pretrial detention from the COVID-19 pandemic, and that measures taken at his institution prevent him from

effectively communicating with his counsel in preparation for his trial. Defendant's arguments were considered by the Court in Sections III and IV of its Order [ECF No. 64, PageID 506-509]. After undertaking its analysis, the Court concluded that neither the COVID-19 pandemic in and of itself, Defendant's medical condition, nor his complaint of lack of access to counsel provide a basis for relief. In other words, they were not "compelling reasons" to release Defendant from detention.

The second factor under § 3142(i)(4) is that release can be made to an "appropriate person." While being a danger to the community and/or a flight risk are not explicit factors listed in § 3142(i)(4), they are certainly relevant factors when considering whether there is an "appropriate person" to whom the defendant can be released. Defendant's history shows that he repeatedly engaged in new criminal behavior while on supervision for other criminal behavior. He engaged his family members in his drug trafficking operation. Defendant's wife was convicted in 2005 for the same drug and firearms-related offenses as Defendant. His wife is a co-defendant in this indictment as well. The Court's decision there are no conditions of release that can adequately protect the community and reasonably assure Defendant's appearance supports the conclusion that there is no "appropriate person" to whom Defendant can be released.

**IV**

Now, therefore, for the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's motion for reconsideration is DENIED.

Dated:  June 11, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 11, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk