UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.

BOBBY LEE CALHOUN, JR.,

    Defendant.
_____/

Case No. 18-20820

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR *FRANKS* HEARING, TO SUPPRESS EVIDENCE, AND
FOR DISCLOSURE OF CONFIDENTIAL INFORMANT (ECF NO. 74)

    This matter is before the court on defendant Bobby Lee Calhoun, Jr.'s motion seeking a *Franks* Hearing, suppression of evidence obtained pursuant to two residential search warrants, and an order requiring the government to disclose the identity of the Confidential Informant (also referred to as the Source of Information) (ECF No. 74). On July 17, 2019, the Court heard oral argument on defendant's challenge to the sufficiency of the affidavits supporting the same search warrants at issue in the pending motion. Upon a careful review of the written submissions and being familiar with the facts and arguments of the parties, the Court deems it appropriate to render its decision without a hearing pursuant to Local

- 1 -

Rule 7.1(f)(2). For the reasons stated in this opinion and order, defendant's motion is DENIED.

## BACKGROUND[1]

On December 1, 2018, DEA Special Agent Stacy Zirkle submitted two search warrant applications and affidavits for "bulk currency, documents, drug and other items indicative of drug trafficking [including illegal firearms and weapons] stored and maintained at" two residences belonging to defendant. Judge Alexis Krot of the 31st District Court in Wayne County Michigan issued two search warrants based on the applications and affidavits, one for the "Sanford Street residence" in Pontiac, Michigan and one for the "Cornerstone Village residence" in Southfield, Michigan. The following facts are taken from the affidavits.

In November 2018, DEA and other law enforcement received information from a source of information ("SOI") who identified the defendant and his wife as kilogram distributors of narcotics throughout the Detroit area. (Zirkle Aff. ¶ 2). The SOI disclosed that defendant and his wife live in Southfield, Michigan; that defendant drives a black Ford F-250 and an SUV; that defendant utilizes a house in Pontiac, which he calls the "Dog

---

[1] The background section is taken from the Court's Opinion and Order Denying Defendant's Amended Motion to Suppress Evidence, ECF No. 24, PageID.298, *et seq.*, with some editing.

- 2 -

House," to hold narcotics for sale; and that defendant and his wife use the U.S. mail to send and receive money and narcotics. *Id*. ¶ 2.

SA Zirkle described law enforcement efforts to corroborate the information received from the SOI. Agents reviewed law enforcement indices and discovered several addresses for defendant and his wife in Pontiac and Southfield, including the two target locations. *Id*. ¶ 3. The SOI identified a photo of the Sanford Street residence as "The Dog House." *Id*. Agents confirmed that a 2008 Ford F-250 and a 2017 Kia Sorrento were registered to defendant at the Sanford Street address. *Id*.

After confirming the information about the locations and vehicles, agents surveilled the two target residences. On November 14, 2018, agents drove by the Cornerstone Village residence and saw the Ford F-250 parked in front of the garage. *Id*. ¶ 4. On November 15, 2018, agents drove by the Sanford Street residence and observed that the Kia Sorrento was parked in the driveway of the residence. *Id*. ¶ 5. Agents also observed defendant walking quickly from the house to the sidewalk where he looked up and down the street. The agents considered this activity to be significant because they were aware that a package from the United States Postal Service was scheduled to arrive that day and they believed defendant was looking for a mail truck. *Id*.

- 3 -

On November 17, 2018, agents intercepted a package that was sent from Tucson, Arizona to the Sanford Street residence. A K9 sniff gave a positive indication that narcotics were present in the package. *Id*. ¶ 7. On November 19, 2018, Magistrate Judge Majzoub authorized a search warrant for the package. The package contained .555 kilograms of cocaine. *Id*. ¶ 8.

On November 27, 2018, agents surveilled the Cornerstone Village residence and observed the Kia Sorrento parked in front of the residence. *Id*. ¶ 9. Thus, the Kia Sorrento was seen at both target locations.

On November 30, 2018, Agent Zirkle "received information from a Source of Information, who has been deemed credible and reliable and whose information has led to a seizure of 500 grams of cocaine destined for CALHOUN at [the Sanford Street residence]." *Id*. ¶ 11. The SOI said he observed a live video chat of bulk currency being stored in trash bags and suitcases at the Cornerstone Village residence. *Id*. The callers on the live chat, identified by the SOI as defendant's twin sons, identified the currency as drug proceeds from the sale of narcotics by defendant. *Id*. According to the SOI, the callers stated they planned to rob defendant for the money the next morning and might have to kill defendant in the process. The SOI was aware defendant's sons had stolen guns from defendant previously. *Id*. The

SOI stated the stolen guns were not reported because defendant is a convicted felon. *Id*. The SOI stated that only two of the three stolen firearms were recovered. *Id*. The SOI was also aware that defendant stored weapons at the Cornerstone Village residence and the Sanford Street residence. *Id*.

      Special Agent Zirkle prepared a thirteen-page affidavit including the above information plus general information that she knew about drug traffickers from her training and experience. The latter category of information included the fact that drug traffickers often store drugs and drug proceeds at different locations to thwart law enforcement efforts from seizing both drugs and drug proceeds. Zirkle also stated she is aware drug traffickers will travel to their stash locations with short stays to pick up drugs and deliver drugs to customers in the immediate vicinity. *Id*. ¶ 13. The affidavit supported two search warrant applications, one for the Sanford Street residence in Pontiac, Michigan and the other for the Cornerstone Village residence in Southfield, Michigan. The district judge approved both warrants.

      Defendant's previous motion to suppress asserted three challenges to the search warrant affidavits. First, the SOI did not provide any information of illegal activity witnessed by him first-hand. Second, the only

information provided by the SOI that was independently verified by the government was publicly available information – involving homes and cars owned by the defendant. Third, the claim in the affidavit that the SOI's "information led to a seizure of 500 grams of cocaine destined for CALHOUN at [the Sanford Street residence]," was misleading because the package was not addressed to "Calhoun" but to "Robert Gonzalez" at the Sanford Street residence, and no one named Robert Gonzalez was known to be connected with the Sanford Street residence. These facts were omitted from the affidavit. However, the Court denied defendant's motion to suppress evidence on July 25, 2019 (ECF No. 24).

Almost two years later, in June of 2021, defendant obtained affidavits from his twin sons, Devone Calhoun and Devonare Calhoun. Each son swears that neither he nor his brother "threatened or expressed any intent to rob, kill or otherwise harm my father" and "[t]o my knowledge, my father has never threatened or expressed any intent to harm me [or my brother]." (ECF No. 74, Exhibits B and C). Defendant contends that these new affidavits demonstrate that SA Zirkle's search warrant affidavits contained known false statements, or statements made with reckless disregard for the truth, in paragraph 11 regarding the video chat. Defendant argues that the identity of the SOI is necessary so he or she can testify at a *Franks* hearing

about what information they provided to SA Zirkle regarding the video chat. Ultimately, defendant seeks an order suppressing the contraband discovered during the execution of the search warrants.

## LEGAL ANALYSIS

I. *Franks* Hearing

The Fourth Amendment requires a hearing to challenge the truthfulness of the factual statements made in an affidavit supporting a search warrant "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and if "the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Defendant submits his sons' affidavits to demonstrate that they did not make the threats alleged in the affidavit for search warrant. Specifically, defendant argues that these alleged threats were key to the finding of probable cause that illegal firearms and narcotics were located at the residences, and that the threats gave the search warrant application urgency so that a search of the residences could occur before the threatened robbery and killing took place.

The Court previously analyzed SA Zirkle's affidavits and concluded that she attested to the SOI's veracity, credibility and reliability. *See*, ECF No. 24, PageID.303-306.  In addition, she corroborated many facts provided by the SOI, thus making other facts, such as the knowledge of weapons, more reliable. *See United States v. Williams*, 224 F.3d 530 (6th Cir. 2000) (additional information corroborating an unnamed informant's information met the probable cause standard); ECF No. 24, PageID.306-308.

The affidavits from defendant's sons do not change the Court's prior determination that SA Zirkle's affidavits provided the district judge with sufficient information to make a finding of probable cause that a search of the two properties would provide evidence of drug trafficking. This is true because the affidavits supports finding the SOI's information to be credible in general, as well as demonstrating that much of the information provided by the SOI was independently corroborated. The mere fact that defendant's sons dispute some of the information provided by the SOI does not mean that the threat-of-violence fact was actually erroneous. However, even if the SOI was wrong about there being a threat-of-violence, it was still reasonable for SA Zirkle to credit such information due to her assessment of the SOI's established track record for veracity. *See Franks*, 438 U.S. at 171-72 (if there is sufficient content to support a finding of probable cause

remaining in the warrant affidavit after "material that is the subject of the alleged falsity or reckless disregard is set to one side," no hearing is required). Furthermore, no evidence has been presented to support a conclusion that SA Zirkle submitted "allegations of deliberate falsehood."

The Court's prior analysis under the *Leon* good faith exception, upon which the Court concluded that even if the warrant affidavits fail to establish probable cause the evidence should not be suppressed, is not impacted by the submission of defendant's sons' affidavits. *See* ECF No. 24, PageID.311-313.

II. <u>Identity of SOI</u>

Defendant seeks an order requiring the government to disclose the identity of the SOI so the SOI can provide testimony at a *Franks* hearing. Having determined that a *Franks* hearing is not warranted in this case, the Court need not further consider defendant's motion to compel the disclosure of the SOI's identity.

III. <u>Suppression of Evidence</u>

For the reasons given above and in the Court's opinion and order denying defendant's amended motion to suppress evidence (ECF No. 24), the defendant's renewed motion to suppress is denied.

## CONCLUSION

Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for *Franks* hearing, to suppress evidence, and to disclose identity of confidential informant (ECF No. 74) is DENIED.

Dated: November 15, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 15, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk